UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NAYEREH MADANI,

          Plaintiff,

    v.

COUNTY OF SANTA CLARA,

          Defendant.

Case No. 16-CV-07026-LHK

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 15

Plaintiff Nayereh Madani ("Plaintiff") brings this suit for disability, age, and national origin discrimination against Defendant County of Santa Clara ("Defendant"). Before the Court is Defendant's Motion to Dismiss. ECF No. 15. Having considered the parties' briefing, the relevant law, and the record in this case, the Court GRANTS Defendant's Motion to Dismiss.

## I.  BACKGROUND

### A.  Factual Background

On February 2, 2004, Plaintiff began working for the Santa Clara Valley Medical Center ("Medical Center") as a Nurse Coordinator. ECF No. 1, Complaint ("Compl.") ¶ 9. In May 2005, Plaintiff was promoted to Assistant Nurse Manager. *Id.* ¶ 10. Plaintiff provided patient care and coordinated support staff. *Id.*

1

United States District Court
Northern District of California

On April 29, 2009, Plaintiff filed a lawsuit against Defendant in the Superior Court of California for the County of Santa Clara, Case No. 1-09-CV-141316.  The case involved claims for discrimination, harassment, retaliation, failure to accommodate, defamation, and violations of public policy.  *Id.* ¶ 11.  The state court case settled in December 2009.[1]  *Id.*

On February 9, 2012, Plaintiff sent to Medical Center a letter in which Plaintiff asserted that "Edna Esguerra has created a hostile work environment for me by persistent, offensive, abusive, intimidating or insulting behavior."  *Id.* ¶ 12.  The letter allegedly did not prevent Esguerra's continued hostile conduct, and as a result, Plaintiff took disability leave from May 2012 to January 2013.  *Id.* ¶ 13.  On Plaintiff's return to work, Plaintiff took a reduced work schedule "in order to manage her stress and anxiety."  *Id.*

On March 27, 2013, Esguerra informed Plaintiff by letter that Esguerra was recommending that Plaintiff be suspended from her position as Assistant Nurse Manager for two work weeks.  *Id.* ¶ 14.  Esguerra stated in the letter that she made the recommendation based on Plaintiff's violation of "certain Merit System Rules and Department Policies or Procedures."  *Id.*

On April 25, 2013, a hearing was held on Plaintiff's suspension, and on June 19, 2013, Medical Center issued a written decision "upholding the suspension recommendation of ten (10) work days."  *Id.*  Plaintiff served her suspension from July 29, 2013 to August 11, 2013.  *Id.*

On August 2, 2013, Plaintiff filed a Complaint of Employment Discrimination ("August 2, 2013 Administrative Charge") with the California Department of Fair Employment and Housing ("DFEH") and the federal United States Employment Opportunity Commission ("EEOC").[2]  ECF No. 16-1.[3]  The administrative charge alleges that Plaintiff suffered discrimination on the basis of

---

[1] Plaintiff's complaint contains no other details about the April 29, 2009 state court lawsuit and neither party indicates whether the allegations in that case overlap with those in the instant suit.
[2] The Court notes that the administrative filings are sometimes called "charges" and are sometimes called "complaints."  For simplicity, the Court refers to the administrative filings as "charges" throughout this order.
[3] Plaintiff's complaint contains no reference to the August 2, 2013 Administrative Charge. However, Defendant requests judicial notice of the August 2, 2013 Administrative Charge.  As the Court discusses further below in the discussion section, the Court GRANTS Defendant's request for judicial notice of the August 2, 2013 Administrative Charge.

her race, national origin, religion, and disability.  *Id.* at 2.

On September 19, 2013, Esguerra placed Plaintiff on administrative leave.  *Id.*  The complaint does not allege how long the administrative leave lasted.  *Id.*

Six months later, on March 6, 2014, Esguerra recommended that Plaintiff be demoted from her position as "Assistant Nurse Manager to [] Clinical Nurse II with no [Registered Nurse] responsibilities."  *Id.* ¶ 15.  The recommendation for a demotion was based on violation of "certain Merit System Rules and Department Policies or Procedures."  *Id.*  On March 25, 2014, a hearing was held on Plaintiff's demotion.  *Id.*  On June 4, 2014, Esguerra amended her letter to include more allegations, such as Plaintiff's prior July 29, 2013 to August 11, 2013 suspension.  *Id.*

On August 26, 2014, a decision was issued that demoted Plaintiff from her position as Assistant Nurse Manager to Clinical Nurse II.  *Id.* ¶ 16.  Plaintiff started her new position on September 15, 2014.  *Id.*

After Plaintiff's demotion, Plaintiff requested reduced work hours and a modified work schedule as reasonable accommodations for a disability.  *Id.* ¶ 18.  Plaintiff alleges that Medical Center did not engage in a "good-faith interactive process" and did not provide the requested accommodations.

On January 27, 2015, Medical Center placed Plaintiff on paid administrative leave.  *Id.* ¶ 21.  On October 26, 2015, Plaintiff filed a second administrative charge alleging employment discrimination ("October 26, 2015 Administrative Charge") with the DFEH and cross-filed the charge with the EEOC.  *Id.* ¶ 22.  Plaintiff's complaint does not allege what actions were challenged by the October 26, 2015 Administrative Charge.  On September 14, 2016, DFEH issued a "Notice of Case Closure and Right to Sue Letter."  *Id.* ¶ 23.

On November 30, 2016, Medical Center terminated Plaintiff's position at Medical Center.  *Id.* ¶ 24.  On December 7, 2016, Plaintiff filed a third charge of employment discrimination ("December 7, 2016 Administrative Charge") with DFEH, and obtained a second Notice of Case

United States District Court
Northern District of California

3

1    Closure and Right to Sue.[4]  *Id.* ¶ 25.  Once again, Plaintiff's complaint does not allege what

2    actions were challenged by the December 7, 2016 Administrative Charge.

3         **B.    Procedural History**

4         On December 8, 2016, Plaintiff filed the instant suit against Defendant.  *See* Compl.

5    Plaintiff's complaint alleges 11 causes of action: (1) disability discrimination in violation of the

6    federal American's with Disabilities Act ("ADA"); (2) disability discrimination in violation of the

7    California Fair Employment Housing Act ("FEHA"); (3) failure to provide reasonable

8    accommodation under the FEHA; (4) failure to engage in a good-faith interactive process

9    concerning Plaintiff's request for reasonable accommodation under the FEHA; (5) wrongful

10   termination in violation of public policy; (6) age discrimination under the federal Age

11   Discrimination in Employment Act ("ADEA"); (7) age discrimination under the FEHA; (8)

12   national origin discrimination under Title VII; (9) national origin discrimination under the FEHA;

13   (10) retaliation; and (11) hostile work environment.  FAC ¶¶ 26–101.

14        On January 30, 2017, Defendant filed the instant motion to dismiss.  *See* Mot.  On

15   February 6, 2017, Plaintiff filed an opposition, ECF No. 19 ("Opp'n"), and on March 13, 2017,

16   Defendant filed a reply, ECF No. 25 ("Reply").

17   **II.    LEGAL STANDARD**

18        **A.    Rule 12(b)(6) Motion to Dismiss**

19        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted

20   when a complaint does not plead "enough facts to state a claim to relief that is plausible on its

21   face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

22   when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

23   the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

24   "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

25   possibility that a defendant has acted unlawfully."  *Id.* (internal quotation marks omitted).

26

27   [4] Plaintiff's complaint does not inform the Court whether the December 7, 2016 Administrative
     Charge was cross-filed with the EEOC.

28
     Case No. 16-CV-07026-LHK
     ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

*United States District Court*
*Northern District of California*

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B.   Leave to Amend

If the Court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III.   DISCUSSION

In the instant motion, Defendant argues that (1) Plaintiff's sixth cause of action for age discrimination under the ADEA and seventh cause of action for age discrimination under the FEHA, to the extent they are based on Plaintiff's July 29, 2013 to August 11, 2013 suspension, are barred because Plaintiff failed to file an administrative charge within the relevant statute of

Case No. 16-CV-07026-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1    limitations; (2) Plaintiff's first and second causes of action for disability discrimination under the

2    ADA and the FEHA, sixth and seventh causes of action for age discrimination under the ADEA

3    and the FEHA, and eighth and ninth causes of action for national origin discrimination under Title

4    VII and the FEHA, to the extent they are based on Plaintiff's September 15, 2014 demotion, are

5    barred because Plaintiff failed to file an administrative charge within the relevant statute of

6    limitations; (3) Plaintiff's fifth cause of action for wrongful termination in violation of public

7    policy is barred by the California Government Tort Claims Act, Cal. Gov't Code § 815 *et seq.*; (4)

8    Plaintiff's eleventh cause of action for hostile work environment is barred either by the California

9    Government Tort Claims Act or because of Plaintiff's failure to file an administrative charge

10   within the relevant statute of limitations.  Defendant and Plaintiff also request judicial notice.  The

11   Court first addresses the parties' requests for judicial notice, and then addresses each of

12   Defendant's arguments in turn.

13       **A.       Requests for Judicial Notice**

14       The Court first addresses Defendant's requests for judicial notice, ECF Nos. 16, 26, and

15   Plaintiff's request for judicial notice, ECF No. 19-1.  The Court may take judicial notice of matters

16   that are either "generally known within the trial court's territorial jurisdiction" or "can be

17   accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

18   Fed. R. Evid. 201(b).  Public records, including judgments and other publicly filed documents, are

19   proper subjects of judicial notice.  *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir.

20   2007) ("[Courts] may take notice of proceedings in other courts, both within and without the

21   federal judicial system, if those proceedings have a direct relation to matters at issue."); *Rothman*

22   *v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a filed complaint as a public

23   record).

24       However, to the extent any facts in documents subject to judicial notice are subject to

25   reasonable dispute, the Court will not take judicial notice of those facts.  *See Lee v. City of L.A.*,

26   250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public

27   record . . . But a court may not take judicial notice of a fact that is subject to reasonable dispute.")

28
     Case No. 16-CV-07026-LHK
     ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1   (internal quotation marks omitted), *overruled on other grounds by Galbraith v. Cty. of Santa*

2   *Clara*, 307 F.3d 1119 (9th Cir. 2002).

3       Defendant requests judicial notice of the following documents:

4   • the August 2, 2013 Administrative Charge filed with the DFEH and EEOC;

5   • the Charter of the County of Santa Clara, last revised on February 16, 2011;

6   • the Rules of Procedures for the Santa Clara County Personnel Board; and

7   • the County of Santa Clara Ordinance Code.

8       Plaintiff requests judicial notice of the following documents:

9   • Plaintiff's appeal to the Santa Clara County Personnel Board of Plaintiff's July 29, 2013

10      suspension;

11  • Plaintiff's appeal to the Santa Clara County Personnel Board of Plaintiff's September 15,

12      2014 demotion; and

13  • a transcript of a January 20, 2017 hearing before the Santa Clara County Personnel Board

14      about Plaintiff's suspension and demotion.

15      The Court GRANTS Plaintiff's and Defendant's requests for judicial notice.  The August

16  2, 2013 Administrative Charge, the appeals to the Santa Clara County Personnel Board, and the

17  transcript of the hearing before the Santa Clara County Personnel Board are records of state and

18  county administrative agencies that are judicially noticeable.  *See United States v. 14.02 Acres*,

19  547 F.3d 943, 955 (9th Cir. 2008) (holding that judicial notice is proper for records and reports of

20  administrative agencies).  The Charter of the County of Santa Clara, the Rules of Procedures for

21  the Santa Clara County Personnel Board, and the County of Santa Clara Ordinance Code are also

22  proper subjects of judicial notice.  *See Rabkin v. Dean*, 856 F. Supp. 543, 546 (N.D. Cal. 1994)

23  ("The Court may take judicial notice of city charters, city ordinances and resolutions, and the

24  contents and legislative history of a proposed city ordinance or resolution." (citing *Newcomb v.*

25  *Brennan*, 558 F.2d 825, 829 (7th Cir. 1977)).

26      **B.      Statute of Limitations For July 29, 2013 to August 11, 2013 Suspension**

27      Defendant argues that Plaintiff's sixth cause of action for age discrimination under the

28
    United States District Court
    Northern District of California

    7

    Case No. 16-CV-07026-LHK
    ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1    ADEA and seventh cause of action for age discrimination under the FEHA are barred because

2    Plaintiff did not file an administrative charge that raised the issue of age discrimination with

3    respect to Plaintiff's July 29, 2013 to August 11, 2013 suspension.

4         Under the ADEA, an employee must first file an administrative charge with the EEOC

5    within "300 days after the alleged unlawful practice occurred" before an age discrimination

6    lawsuit may be filed against an employer.  29 U.S.C. § 626(d)(1) ("No civil action may be

7    commenced by an individual under this section until 60 days after a charge alleging unlawful

8    discrimination has been filed with the Equal Employment Opportunity Commission.").  Similarly,

9    "[t]he timely filing of an administrative complaint [with the DFEH] is a prerequisite to the

10    bringing of a civil action for damages under FEHA." *Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th

11    479, 492 (1996).  Under the FEHA, the administrative charge must be filed within "one year from

12    the date upon which the alleged unlawful practice or refusal to cooperate occurred."  Cal. Gov't

13    Code § 12960; *Romano*, 14 Cal. 4th at 492.

14         Under the ADEA and the FEHA, "[t]he specific claims made in district court ordinarily

15    must be presented to the [EEOC and DFEH, respectively]." *Leong v. Potter*, 347 F.3d 1117, 1122

16    (9th Cir. 2003); *see also Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001) ("The

17    scope of the written administrative charge defines the permissible scope of the subsequent civil

18    action." (citing *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1121–23 (1989)).  A claim that

19    was not raised in the administrative charge can only be brought in a subsequent lawsuit if (1) the

20    facts underlying the unraised claim become part of the administrative investigation, or (2) the

21    claim is "like or reasonably related to" the issues raised in the administrative charge. *Rodriguez*,

22    265 F.3d at 897.

23         "[The 'like or reasonably related to'] standard is met where the allegations in the civil suit

24    are within the scope of the administrative investigation 'which can reasonably be expected to grow

25    out of the charge of discrimination.'" *Id.* (quoting *Sandhu v. Lockheed Missiles & Space Co.*, 26

26    Cal. App. 4th 846, 859 (1994)).  Specifically, where an employee asserts one kind of

27    discrimination in an administrative charge and a different kind of discrimination in a subsequent

28

8

1   lawsuit, the Ninth Circuit has held that the claims at issue are usually not "like or reasonably

2   related to" one another. *Id.* ("It would not be proper to expand the claim as Rodriguez asks, when

3   'the difference between the charge and the complaint is a matter of adding an entirely new basis

4   for the alleged discrimination.'" (citation omitted)); *see also Stallcop v. Kaiser Found. Hosps.*,

5   820 F.2d 1044, 1050–51 (9th Cir. 1987) (holding that allegations of sex and age discrimination in

6   civil complaint were not encompassed by charge filed with DFEH alleging only national origin

7   discrimination); *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 675 (9th Cir. 1988) ("Title VII

8   and ADEA claims arise from entirely distinct statutory schemes. Pejic's original charge contains

9   no hint of age discrimination. His ADEA claim should be time-barred.").[5]   For example, in

10  *Rodriguez*, a Mexican-American employee with severe depression was fired from his job.

11  *Rodriguez*, 265 F.3d at 897.   The employee brought an administrative charge for racial

12  discrimination, but did not bring an administrative charge for disability discrimination based on

13  his depression.  *Id.*  The Ninth Circuit held that the two claims were not reasonably related to each

14  other.  *Id.*

15          Here, Plaintiff filed an administrative charge challenging Plaintiff's suspension on August

16  2, 2013, which was within the relevant statute of limitations for both the ADEA and the FEHA.

17  However, although Plaintiff challenged the suspension as involving discrimination based on race,

18  national origin, religion, and disability, Plaintiff did not raise the issue of age discrimination.  *See*

19  ECF No. 16-1 at 2 ("I believe that I have been discriminated against because of my race, national

20  origin, Persian, religion, Muslim, disability, and retaliated against because I engaged in protected

21  activities.").   Plaintiff fails to allege that an investigation into age discrimination "can reasonably

22  be expected to grow out of the charge of discrimination" based on race, national origin, religion,

23  or disability or that the facts underlying the unraised age discrimination claim actually became part

24

25  [5] California courts have recognized at least one exception where an investigation into
    discrimination based on race raised issues of discrimination based on national origin.  *See Sandhu*,
26  26 Cal. App. 4th at 859 (noting that the Plaintiff's "ancestry, descent and national origin are all
    intimately related").  Here, however, Plaintiff has not pled facts that show how an investigation of
27  discrimination based on religion, race, national origin, and disability would raise issues about
    discrimination based on age.

28
    Case No. 16-CV-07026-LHK
    ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1  of the administrative investigation.  *Rodriguez*, 265 F.3d at 897.  Accordingly, Plaintiff's August

2  2, 2013 Administrative Charge does not satisfy the administrative charge prerequisite under the

3  ADEA and FEHA as to Plaintiff's age discrimination causes of action to the extent the causes of

4  action are based on Plaintiff's July 29, 2013 to August 11, 2013 suspension.

5       In Plaintiff's opposition to the instant motion, Plaintiff does not argue that her August 2,

6  2013 Administrative Charge adequately raised the issue of age discrimination.  Instead, Plaintiff

7  argues that the statute of limitations for filing an administrative charge that challenges Plaintiff's

8  July 29, 2013 to August 11, 2013 suspension has been equitably tolled because Plaintiff appealed

9  that suspension to the Santa Clara County Personnel Board.  Opp'n at 4–5.  The Court addresses

10  Plaintiff's equitable tolling argument below.  For the purposes of the instant issue, however, even

11  if the statute of limitations has been equitably tolled, Plaintiff fails to allege that Plaintiff has ever

12  filed an administrative charge that challenges Plaintiff's suspension on the basis of age

13  discrimination.  Indeed, Plaintiff provides no allegations as to the contents of the later

14  administrative charges filed on October 26, 2014 and December 7, 2015.  Thus, Plaintiff's

15  argument regarding equitable tolling does not preclude dismissal of Plaintiff's age discrimination

16  causes of action to the extent they are based on Plaintiff's suspension.

17       Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's sixth cause of

18  action for age discrimination under the ADEA and seventh cause of action for age discrimination

19  under the FEHA to the extent those causes of action are based on Plaintiff's July 29, 2013 to

20  August 11, 2013 suspension.  The Court provides leave to amend because Plaintiff may be able to

21  allege facts that satisfy the ADEA's and the FEHA's administrative charge prerequisites for filing

22  suit.

23      **C.**    **Statute of Limitations for September 15, 2014 Demotion**

24       Defendant argues that Plaintiff's first cause of action for disability discrimination in

25  violation of the ADA; second cause of action for disability discrimination under the FEHA; sixth

26  cause of action for age discrimination under the ADEA;  seventh cause of action for age

27  discrimination under the FEHA; eighth cause of action for national origin discrimination under

28

Case No. 16-CV-07026-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1   Title VII; and ninth cause of action for national origin discrimination under FEHA are barred by

2   the relevant statute of limitations to the extent they are based on Plaintiff's September 15, 2014

3   demotion.  In response, Defendant argues that equitable tolling applies.

4          As discussed with respect to the sixth (ADEA) and seventh (FEHA) causes of action

5   above, the statutes at issue in the first (ADA), second (FEHA), eighth (Title VII), and ninth

6   (FEHA) causes of action require an employee to file an administrative charge with the EEOC or

7   DFEH before a lawsuit may be brought against an employer.  Specifically, as with the ADEA, the

8   ADA and Title VII require an employee to file an administrative charge with the EEOC within

9   300 days of the alleged discriminatory action before a lawsuit may be filed.  29 U.S.C. § 626(d)(1)

10  (ADEA); 42 U.S.C. § 2000e-5(e) (Title VII); 42 U.S.C. § 12117 (Title VII deadlines adopted

11  under the ADA).  Moreover, as discussed above, the FEHA requires that an employee file an

12  administrative charge with the DFEH within one year of the discriminatory action before a lawsuit

13  may be filed.   Cal. Gov't Code § 12960; *Romano*, 14 Cal. 4th at 492.

14         Here, Plaintiff's demotion occurred on September 15, 2014.  Plaintiff did not file an

15  administrative charge with the EEOC or the DFEH until October 25, 2015, over one year after the

16  alleged discriminatory action.[6]  Therefore, because the administrative charges were not filed until

17  after the relevant statute of limitations for the federal (300 days) and the California (1 year) causes

18  of action, Plaintiff's ADA, ADEA, Title VII, and FEHA causes of action are barred as to the

19  September 15, 2014 demotion unless tolling applies.

20         Plaintiff argues that even though the administrative charge was filed with the EEOC and

21  the DFEH after the relevant statute of limitations for each statute, Plaintiff argues that equitable

22  tolling makes Plaintiff's causes of action timely.  As an initial matter, the Court notes that the

23  standard for equitable tolling is different under California law and federal law.  The Court first

24  addresses equitable tolling under California law, and then discusses equitable tolling under federal

25

_____

26  [6] The complaint also lists October 26, 2015 as the date of the administrative charge elsewhere in
    the complaint.  For the purposes of the instant inquiry, it does not matter which date is correct as
27  both October 25, 2015 and October 26, 2015 are over one year after the September 15, 2014
    demotion.

28
                                                    11
    Case No. 16-CV-07026-LHK
    ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

law.

Under California law, "[t]he equitable tolling of statutes of limitations is . . . 'designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied.'" *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99 (2008).  California courts have found this purpose satisfied where a plaintiff pursues administrative or internal remedies at an organization.  *Id.*  However, to apply equitable tolling, the plaintiff must show "[1] 'timely notice, [2] lack of prejudice to the defendant, and [3] reasonable and good faith conduct on the part of the plaintiff.'"  *Id.* at 102 (citing *Downs v. Dep't of Water & Power*, 58 Cal. App. 4th 1093, 1100 (1997)).  The timely notice requirement means that "'the first claim must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim.'"  *Id.* at 102 n.2 (quoting *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983)).  The "lack of prejudice to the defendant" requirement means that "'the facts of the two claims [must] be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second.'"  *Id.* (quoting *Collier*, 142 Cal. App. 3d at 925).

Here, Plaintiff argues that the statute of limitations for Plaintiff's demotion-related FEHA causes of action were equitably tolled because Plaintiff appealed her demotion to the County of Santa Clara Personnel Board ("Personnel Board"), and the appeal is still pending.  ECF No. 19-1 at 6 (notice of appeal of demotion); ECF No. 19-1 at 9 (transcript of proceeding on January 20, 2017 regarding Plaintiff's demotion).  Plaintiff contends that the appeal of the demotion is an internal administrative proceeding that equitably tolls the statute of limitations for Plaintiff's FEHA causes of action.

The Court disagrees.  Plaintiff has not alleged facts that satisfy the first and second prongs of the *McDonald* test: timely notice and lack of prejudice to the defendant.  Plaintiff provides no allegations as to what issues have or have not been raised before the Personnel Board.  Thus, with respect to timely notice, Plaintiff fails to allege facts that show that the appeal before the Personnel

Case No. 16-CV-07026-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Board "alert[ed] the defendant . . . of the need to begin investigating the facts which form the basis" of Plaintiff's discrimination causes of action.  For the same reason, Plaintiff fails to satisfy the "lack of prejudice to defendant" prong.  Plaintiff does not allege facts that show that the issues before the Personnel Board "[are] identical or at least so similar" to the issues raised by the discrimination causes of action in the instant suit such "that the defendant's investigation [of the appeal to the Personnel Board] put [Defendant] in a position to fairly defend" the instant suit.

Moreover, it is unclear that Plaintiff's discrimination claims can even be raised before the Personnel Board.  The Personnel Board "[h]ear[s] appeals . . . relative to any suspension, demotion, or dismissal."  ECF No. 26-1 at 9.  The Personnel Board then "sustain[s] or reject[s] the discipline imposed" on the County of Santa Clara employee appealing the underlying suspension, demotion, or dismissal.  ECF No. 26-2 at 6.  Plaintiff has not alleged that these procedures even allow Plaintiff to raise the discrimination claims at issue in the instant suit to the extent required to satisfy the *McDonald* test.

Therefore, Plaintiff has failed to adequately allege facts that satisfy the *McDonald* test for equitable tolling. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's second cause of action for disability discrimination, seventh cause of action for age discrimination, and ninth cause of action for national origin discrimination under the FEHA.  The Court provides leave to amend because Plaintiff may be able to allege facts that satisfy *McDonald*'s equitable tolling standard.

The Court next turns to equitable tolling under federal law.  "[N]o federal court in this Circuit has extended *McDonald*'s holding to [causes of action under federal statutes]."  *Villalvaso v. Odwalla, Inc.*, 2011 WL 1585604, at *3 (E.D. Cal. Apr. 25, 2011).  Indeed, "Federal courts have typically extended the [equitable tolling] doctrine only sparingly," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)), and only in order "to avoid injustice in the face of [a plaintiff's] good-faith error," *Bernhardt v. State of Cal. Dep't of Corr. & Rehab.*, 2015 WL 2003096, at *8 (E.D. Cal. Apr. 29, 2015) (citing *Villalvaso,* 2011 WL 1585604 at *4).  Although there is no specific formula for determining whether equitable tolling applies, the Ninth Circuit has identified

Case No. 16-CV-07026-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

1    four factors relevant to determining whether equitable tolling should apply to a discrimination

2    claim: "(1) the plaintiff's diligent pursuit of a claim; (2) the administrative agency's provision of

3    misinformation or misleading statements; (3) the plaintiff's reliance on the misinformation or

4    misrepresentation; and (4) the plaintiff's lack of representation at the time." *Id.* (citing *Rodriguez*,

5    265 F.3d at 902, and *Valentine v. California Emp't Dev. Dep't*, 2012 WL 386682, at *4 (C.D. Cal.

6    Feb. 6, 2012)); *see also Irwin*, 498 U.S. at 96 ("We have allowed equitable tolling in situations

7    where the claimant has actively pursued his judicial remedies by filing a defective pleading during

8    the statutory period, or where the complainant has been induced or tricked by his adversary's

9    misconduct into allowing the filing deadline to pass.").

10       Plaintiff has not alleged any facts that show that Plaintiff satisfies any of the factors

11   described in *Bernhardt*.  Plaintiff has not alleged that she missed the deadline for filing an

12   administrative charge on her demotion because of a good faith error, or because she was provided

13   misinformation by Defendant or anyone else.  Plaintiff has provided no explanation for why

14   Plaintiff did not file a timely administrative charge with the EEOC.

15       Moreover, Plaintiff's litigation history indicates that Plaintiff, who was represented at the

16   time of her suspension and demotion by the same counsel representing her in the instant suit, was

17   likely aware of the relevant filing deadlines.  *See* ECF No. 19-1 at 3, 6 (notices of appeal to

18   Personnel Board on July 22, 2013 and August 30, 2014 that are signed by Plaintiff's current

19   counsel).  In 2009, Plaintiff filed a state court lawsuit for discrimination against Defendant that

20   eventually settled.  In the instant case, Plaintiff has appealed both her suspension and demotion,

21   and filed a timely administrative charge with the DFEH to challenge her suspension as to all

22   grounds for discrimination except for age discrimination.  Thus, on the facts currently pled, the

23   Court cannot find that a "good-faith error" occurred due to a misunderstanding of the deadlines

24   under California and federal employment discrimination statutes.  Therefore, Plaintiff has failed to

25   allege facts that show that equitable tolling is needed to "avoid injustice in the face of good-faith

26   error." *Bernhardt*, 2014 WL 2003096 at *8.

27       Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's first cause of

28
Case No. 16-CV-07026-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

action for disability discrimination under the ADA, sixth cause of action for age discrimination under the ADEA, and eighth cause of action for national origin discrimination under Title VII to the extent those causes of action are based on Plaintiff's September 15, 2014 demotion.  The Court provides leave to amend because Plaintiff may be able to allege facts that satisfy the Ninth Circuit's equitable tolling standard.

### D.  Wrongful Termination in Violation of Public Policy

Defendant argues that Plaintiff's fifth cause of action for wrongful termination in violation of public policy is barred by the California Government Tort Claims Act, Cal. Gov't Code § 810 *et seq* ("Claims Act").  Under the Claims Act, public entities are "not liable for [a plaintiff's] injury" "[e]xcept as otherwise provided by statute."  Cal. Gov't Code § 815; *see also State Dep't of State Hosps. v. Superior Court*, 61 Cal. 4th 339, 348 (2015) (discussing the Government Claims Act, which "sets out a comprehensive scheme of governmental liability and immunity statutes").  The Claims Act also does not preclude public entity liability for violations of the California or United States constitutions.  *See Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 899 (2008) (holding that the Claims Act "*abolishes all common law or judicially declared forms of liability for public entities,* except for such liability as may be required by the state or federal constitution.").

Wrongful termination in violation of public policy is a common law cause of action that was recognized by the California Supreme Court in *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980).  The California Supreme Court has held that *Tameny* claims for wrongful termination in violation of public policy are barred by § 815 of the Claims Act.  *See Miklosy*, 44 Cal. 4th at 899 ("Because the 'classic *Tameny* cause of action' is a common law, judicially created tort . . . and not authorized by statute, it is not properly asserted against the Regents."  (citation omitted)).

Plaintiff argues that despite the California Supreme Court's holding in *Miklosy*, Plaintiff's cause of action for wrongful termination in violation of public policy survives in this case for two reasons.  First, Plaintiff argues that the cause of action for wrongful termination in violation of public policy is not barred by § 815's prohibition on non-statutory causes of action because the

Case No. 16-CV-07026-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

1   cause of action is actually brought under the FEHA.  *See* Cal. Gov't Code § 815 (preventing

2   liability for public entities unless such liability is provided by statute).  Plaintiff's cause of action

3   for wrongful termination in violation of public policy cites a provision from the FEHA that states

4   that "[i]t is hereby declared as the public policy of this state that it is necessary to protect and

5   safeguard the right and opportunity of all persons to seek, obtain, and hold employment without

6   discrimination or abridgment on account of . . . mental disability . . .' and 'the right to seek and

7   hold employment free of prejudice . . . .'"  Compl. ¶ 63 (quoting Cal. Gov't Code § 12920).

8          However, multiple courts applying California law have held that a complaint's citation to a

9   statutory provision does not transform a common law cause of action for wrongful termination in

10   violation of public policy into a statutory cause of action.  *See, e.g.*, *Miklosy*, 44 Cal. 4th at 899

11   (citing to whistleblower statutes); *Ortiz v. Lopez*, 688 F. Supp. 2d 1072, 1078–79 (E.D. Cal. 2010)

12   ("That Plaintiff cites [42 U.S.C. § 1981 and Cal. Labor Code § 1102.5] in his cause of action,

13   however, does not change the nature of the claim as a common law tort.").  Indeed, a claim for

14   wrongful termination in violation of public policy usually must be "carefully tethered to

15   fundamental policies that are delineated in constitutional or statutory provisions." *Gantt v. Sentry*

16   *Insurance*, 1 Cal. 4th 1083, 1095 (1992).  Thus, almost every claim for wrongful termination in

17   violation of public policy will cite to a statutory or constitutional provision or policy to state a

18   cause of action.  *Id.*  Accordingly, Plaintiff's reference to the public policy described in the FEHA

19   does not transform the common law cause of action for wrongful termination in violation of public

20   policy into a statutory cause of action.

21          Second, Plaintiff argues that she primarily seeks reinstatement, a form of equitable relief,

22   and that the Claims Act does not apply to equitable relief.  As noted above, Defendant relies on

23   California Government Code § 815, which provides that "[a] public entity is not liable for an

24   injury" unless provided for by statute, to seek dismissal of the wrongful termination in violation of

25   public policy cause of action.  Cal. Gov't Code § 815.  Defendant argues that § 815 provides

26   immunity for "liability" regardless of the type of relief sought.

27          California Government Code § 814 states that "[n]othing in this part affects liability based

28

United States District Court
Northern District of California

on contract or the right to obtain relief *other than money or damages against a public entity* or public employee." Cal. Gov't Code § 814 (emphasis added). The legislative commentary to § 814 confirms that relief other than money or damages could be available despite the immunity provisions of the Claims Act. *See* Cal. Gov't Code § 814 cmt. ("The various provisions of this part determine only whether a public entity or public employee is liable for money or damages. These provisions do not create any right to any other type of relief, nor do they have any effect on any other type of relief that may be available against a public entity or public employee."). The legislative commentary to § 815 confirms that "[b]ecause of the limitations contained in Section 814, which declares that this part does not affect liability arising out of contract or the right to obtain specific relief against public entities and employees, the practical effect of this section is to eliminate any common law governmental liability for *damages arising out of torts*." Cal. Gov't Code § 815 cmt. (emphasis added).[7]

Here, Plaintiff's fifth cause of action for wrongful termination in violation of public policy pleads "sustained economic losses, humiliation, emotional distress, and mental and physical pain and anguish in an amount subject to proof." Compl. ¶ 64. In Plaintiff's general prayer for relief, Plaintiff seeks $1,000,000 in compensatory damages, $1,000,000 in damages for emotional distress, attorney's fees, costs, interest, and, finally, "reinstatement of Plaintiff's employment at the County." Compl. at 14. To the extent Plaintiff seeks monetary relief for wrongful termination in violation of public policy, § 815 clearly bars Plaintiff's cause of action. *See Miklosy*, 44 Cal. 4th at 900 ("[W]e agree . . . that section 815 bars [wrongful termination in violation of public policy] actions against public entities.").[8]

---

[7] The Court acknowledges that *Miklosy* contains broad language that states that "section 815 bars [wrongful termination in violation of public policy] actions against public entities." *Miklosy*, 44 Cal. 4th at 900. However, *Miklosy* solely involved a claim for damages.

[8] Plaintiff argues, however, that monetary relief is still available if it is "incidental" to equitable relief. However, Plaintiff cites to no authority that states that § 815's bar on "liab[ility] for an injury" has an exception for "incidental" damages. Instead, Plaintiff solely cites to cases interpreting the procedural requirements of the Claims Act, codified at California Government Code §900 *et seq.*, and not the immunity provisions relevant in this case, codified at §§ 814 and 815. *See, e.g.*, *Gatto v. Cty. of Sonoma*, 98 Cal. App. 4th 744 (2002) (analyzing whether the plaintiff's claim for equitable relief excuses a plaintiff from filing a claim with the County of

17

1    The question then is whether Plaintiff's wrongful termination in violation of public policy

2 cause of action can still proceed based solely on Plaintiff's general request for reinstatement in

3 Plaintiff's complaint's prayer for relief.  In *Creighton v. City of Livingston*, 628 F. Supp. 2d 1199

4 (E.D. Cal. 2009), a district court in the Eastern District of California addressed a similar situation

5 for a claim that alleged a violation of the California Constitution.  *Id.* at 1216.  The *Creighton*

6 court held that a claim only "for declaratory relief or for injunction" was allowed on the

7 constitutional claim.  *Id.*  Although the general prayer for relief requested reinstatement, the

8 section addressing plaintiff's claim for violation of the California Constitution only sought

9 damages.  *Id.*  The *Creighton* court held that "it is unclear whether Plaintiff seeks injunctive or

10 declaratory relief with regard to this claim," and thus granted the defendant's motion for judgment

11 on the pleadings with leave to amend as to equitable relief.  *Id.*

12    The circumstances are similar here.  Plaintiff must seek relief other than monetary damages

13 to avoid Defendant's immunity under § 815.  However, Plaintiff seeks only monetary damages

14 under the cause of action for wrongful termination in violation of public policy.  Although the

15 complaint contains a general request for reinstatement in the prayer for relief, it is ambiguous

16 whether that request is part of the cause of action for wrongful termination in violation of public

17 policy.

18    Accordingly, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's cause of

19 action for wrongful termination in violation of public policy.  To the extent the cause of action is

20

21 Sonoma before filing suit as required under § 900 *et seq.*).  The California Court of Appeal has
stated that the immunity provisions of the Claims Act, and the procedural requirements of the

22 Claims Act require a separate analysis.  *See Loehr v. Ventura Cty. Cmty. Coll. Dist.*, 147 Cal. App.
3d 1071, 1079 (1983) ("Although Government Code section 814 provides an exemption from the

23 *immunity* provisions of the Act (see Gov. Code, §§ 815–895.6) for actions predicated on breach of
contract, this exemption is totally unrelated to the filing requirements set forth in sections 900 et

24 seq.").  Therefore, the cases Plaintiff cites do not control the § 815 analysis.
        Even if the "incidental" damages analysis were to apply to § 815, California courts

25 addressing claims for reinstatement have only found monetary relief to be "incidental" where the
requests were for back pay or benefits.  *See Lozada v. City & Cty. of S.F.*, 145 Cal. App. 4th 1139,

26 1165 (2006) ("It is true that some courts have awarded back pay and benefits as incidental to the
injunctive and declaratory relief of employment or reinstatement.").  Plaintiff's claim for

27 $2,000,000 in compensatory and emotional distress damages are completely different from back
pay or benefits, and therefore are not merely "incidental" to a request for reinstatement.

28
Case No. 16-CV-07026-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

based on a prayer for monetary damages, the dismissal is with prejudice because § 815 and *Miklosy* bar monetary damages, which makes amendment futile. *See Leadsinger*, 512 F.3d at 532 (allowing court to deny leave to amend where amendment would be futile). However, the Court provides leave to amend as to the issue of equitable relief because Plaintiff may be able to seek relief that satisfies the requirements of §§ 814 and 815.[9]

### E.     Hostile Work Environment

In Plaintiff's eleventh cause of action, Plaintiff alleges that Defendant subjected Plaintiff to a hostile work environment, which included discrimination and harassment. In the instant motion, Defendant argues that although it is unclear whether Plaintiff's hostile work environment cause of action is brought under common law or statutory law, Plaintiff's hostile work environment cause of action fails under either circumstance.

The Court agrees. If Plaintiff's cause of action is brought under common law, Plaintiff's cause of action for hostile work environment is subject to the requirements of §§ 814 and 815. To the extent the hostile work environment cause of action seeks monetary relief, it is barred for the same reasons as Plaintiff's cause of action for wrongful termination in violation of public policy. Moreover, as with the cause of action for wrongful termination in violation of public policy, §§ 814 and 815 do not bar claims for equitable relief. However, Plaintiff's hostile work environment cause of action discusses only monetary relief, Compl. ¶ 101 ("Plaintiff suffered damages and injuries according to proof"), and Plaintiff only generally requests reinstatement in her prayer for relief, Compl. at 14. Thus, as with the cause of action for wrongful termination in violation of public policy, it is ambiguous whether Plaintiff seeks equitable relief on the hostile work environment cause of action. Accordingly, to the extent Plaintiff's hostile work environment cause of action is a common law cause of action, the Court GRANTS Defendant's motion to dismiss the cause of action with prejudice as to monetary damages, and with leave to amend as to

---

[9] The Court does not address whether a *Tameny* action for wrongful termination in violation of public policy allows a plaintiff to seek only equitable relief. The parties have not raised the issue, and the Court need not reach it for the resolution of the instant motion.

United States District Court
Northern District of California

1    equitable relief.[10]

2         In Plaintiff's opposition, Plaintiff urges the Court to find the hostile work environment

3    cause of action to be construed as a FEHA cause of action, which would not be barred by § 815.

4    "Harassment in the form of a hostile work environment constitutes unlawful discrimination in

5    violation of Title VII, FEHA, and 42 U.S.C. sections 1981 and 1983."  *Leland v. City & Cty. of*

6    *S.F.*, 576 F. Supp. 2d 1079, 1100 (N.D. Cal. 2008).

7         Even if the Court were to construe the hostile work environment cause of action as arising

8    under FEHA, the Court would find the cause of action barred by the relevant statute of limitations.

9    Plaintiff's complaint alleges that "Plaintiff was subjected to unlawful employment practices at the

10   County including discrimination and harassment as alleged herein that created a hostile work

11   environment that injured and damaged Plaintiff."  Compl. ¶ 99.  Plaintiff then alleges "[e]xamples

12   of unlawful employment practices alleged herein that constitute harassment."  *Id.* ¶ 100.  The first

13   example occurred on March 15, 2012, and the final example occurred on September 24, 2014.  *Id.*

14   Plaintiff does not allege that other events constituting hostile work environment occurred after

15   September 24, 2014.

16        As a result, Defendant argues that the hostile work environment cause of action, to the

17   extent it is based on a statutory violation, is barred by the relevant statute of limitations because

18   Plaintiff did not file an administrative charge with the DFEH until October 25, 2015, which is

19   after the expiration of the one year statute of limitations set by the FEHA.  *See* Cal. Gov't Code

20   § 12960.  Therefore, as with Plaintiff's causes of action based on her demotion, Plaintiff's

21   administrative charge was untimely.

22        In response, Plaintiff argues that the hostile work environment cause of action

23   encompassed actions that occurred after September 24, 2014, and that the cause of action is

24   equitably tolled.  The Court addresses each argument in turn.

25

26   _____

27   [10] As with Plaintiff's cause of action for wrongful termination in violation of public policy, the
     Court need not reach whether reinstatement or other equitable relief would be available on
     Plaintiff's hostile work environment cause of action.

28
     Case No. 16-CV-07026-LHK
     ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1  First, Plaintiff argues that "the Complaint merely provides a non-exhaustive list of

2  examples 'of unlawful employment practices . . . that constitute harassment,' and does not allege

3  that the harassment ended on September 25, 2014, nor did the harassment end on that date."

4  Opp'n at 5 n.1.  However, even though Plaintiff's complaint does not state that the list of

5  examples of harassment is exhaustive, Plaintiff's complaint provides no allegation that any

6  harassment occurred beyond the final September 24, 2014 example of harassment.  Accordingly,

7  Plaintiff's argument fails.

8  Second, Plaintiff argues that equitable tolling occurred.  As discussed above, *McDonald*

9  allows equitable tolling where a plaintiff pursues an administrative remedy that gives notice to the

10  defendant of the claim, does not prejudice the defendant, and is pursued in good faith by the

11  plaintiff.  *McDonald*, 45 Cal. 4th at 102.  Above, the Court found that Plaintiff had insufficiently

12  pled equitable tolling because even though Plaintiff appealed her suspension and demotion,

13  Plaintiff provided no allegation that Plaintiff's discrimination claims were raised or could be

14  raised in those proceedings.  Similarly here, Plaintiff has not alleged that the hostile work

15  environment discrimination claim was raised in Plaintiff's appeals to the Personnel Board.

16  Accordingly, equitable tolling does not prevent dismissal based on the statute of limitations.

17  Accordingly, to the extent the hostile work environment cause of action is raised under the

18  FEHA, the Court GRANTS Defendant's motion to dismiss.  The Court provides leave to amend

19  because Plaintiff may be able to allege facts that satisfy the statute of limitations under the FEHA.

20  ## IV.   CONCLUSION

21  For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss.  Should

22  Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall

23  do so within twenty-one (21) days of the date of this Order.  Failure to meet the twenty-one day

24  deadline to file an amended complaint or failure to cure the deficiencies identified in this Order

25  will result in a dismissal with prejudice of Plaintiff's deficient causes of action.  Plaintiff may not

26  add new causes of action or parties without leave of the Court or stipulation of the parties pursuant

27  to Rule 15 of the Federal Rules of Civil Procedure.

28

21

**IT IS SO ORDERED.**

Dated: March 23, 2017

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No. 16-CV-07026-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS