UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAYEREH MADANI,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SANTA CLARA,<br><br>  Defendant. | Case No. 16-CV-07026-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 38 |

Plaintiff Nayereh Madani ("Plaintiff") brings this suit for disability, age, and national origin discrimination against Defendant County of Santa Clara ("Defendant"). Before the Court is Defendant's Motion to Dismiss. ECF No. 15. Having considered the parties' briefing, the relevant law, and the record in this case, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss.

I.     **BACKGROUND**

   A.  **Factual Background**

     On February 2, 2004, Plaintiff began working for the Santa Clara Valley Medical Center ("Medical Center") as a Nurse Coordinator. ECF No. 34, First Amended Complaint ("FAC") ¶ 9. In May 2005, Plaintiff was promoted to Assistant Nurse Manager. *Id.* ¶ 10. Plaintiff provided

patient care and coordinated support staff. *Id.*

On April 29, 2009, Plaintiff filed a lawsuit against Defendant in the Superior Court of California for the County of Santa Clara, Case No. 1-09-CV-141316. The case involved causes of action for discrimination, harassment, retaliation, failure to accommodate, defamation, and violations of public policy. *Id.* ¶ 11. The state court case settled in December 2009.[1] *Id.*

On February 9, 2012, Plaintiff sent to Medical Center a letter in which Plaintiff asserted that "Edna Esguerra has created a hostile work environment for me by persistent, offensive, abusive, intimidating or insulting behavior." *Id.* ¶ 12. The letter allegedly did not prevent Esguerra's continued hostile conduct, and as a result, Plaintiff took disability leave from May 2012 to January 2013. *Id.* ¶ 13. On Plaintiff's return to work, Plaintiff took a reduced work schedule "in order to manage her stress and anxiety." *Id.*

On March 27, 2013, Esguerra informed Plaintiff by letter that Esguerra was recommending that Plaintiff be suspended from her position as Assistant Nurse Manager for two work weeks. *Id.* ¶ 14. Esguerra stated in the letter that she made the recommendation based on Plaintiff's violation of "certain Merit System Rules and Department Policies or Procedures." *Id.*

On April 25, 2013, a hearing was held on Plaintiff's suspension, and on June 19, 2013, Medical Center issued a written decision "upholding the suspension recommendation of ten (10) work days." *Id.* Plaintiff served her suspension from July 29, 2013 to August 11, 2013. *Id.* On July 22, 2013, Plaintiff appealed the suspension to the Santa Clara County Personnel Board. *Id.* ¶ 15. As part of the appeal, Plaintiff argued that the suspension was based on her disabilities, age, and national origin, and was made in retaliation for protected activity. *Id.*

On August 2, 2013, Plaintiff filed a Complaint of Employment Discrimination ("August 2, 2013 Administrative Charge") with the California Department of Fair Employment and Housing ("DFEH") and the federal United States Employment Opportunity Commission ("EEOC").[2] ECF

---

[1] Plaintiff's complaint contains no other details about the April 29, 2009 state court lawsuit and neither party indicates whether the allegations in that case overlap with those in the instant suit.
[2] The Court notes that the administrative filings are sometimes called "charges" and are sometimes called "complaints." For simplicity, the Court refers to the administrative filings as "charges"

No. 29 at 2. The August 2, 2013 administrative charge alleges that Plaintiff suffered discrimination on the basis of her race, national origin, religion, and disability. *Id.*

On September 19, 2013, Esguerra placed Plaintiff on administrative leave. FAC ¶ 16. The FAC does not allege how long the administrative leave lasted. *Id.*

Six months later, on March 6, 2014, Esguerra recommended that Plaintiff be demoted from her position as "Assistant Nurse Manager to [] Clinical Nurse II with no [Registered Nurse] responsibilities." *Id.* ¶ 17. The recommendation for a demotion was based on violation of "certain Merit System Rules and Department Policies or Procedures." *Id.* On March 25, 2014, a hearing was held on Plaintiff's demotion. *Id.* On June 4, 2014, Esguerra amended her letter to include more allegations, such as Plaintiff's prior July 29, 2013 to August 11, 2013 suspension. *Id.*

On August 26, 2014, a decision was issued that demoted Plaintiff from her position as Assistant Nurse Manager to Clinical Nurse II. *Id.* ¶ 18. On August 30, 2014, Plaintiff appealed the demotion to the Santa Clara County Personnel Board. *Id.* ¶ 19. As part of the appeal, Plaintiff argued that the demotion was based on her disabilities, age, and national origin, and was made in retaliation for protected activity. *Id.* Plaintiff started her new position on September 15, 2014. *Id.* ¶ 20.

After Plaintiff's demotion, Plaintiff requested reduced work hours and a modified work schedule as reasonable accommodations for a disability. *Id.* ¶ 21. Plaintiff alleges that Medical Center did not engage in a "good-faith interactive process" and did not provide the requested accommodations. *Id.* ¶ 22.

On January 27, 2015, Medical Center placed Plaintiff on paid administrative leave. *Id.* ¶ 24. On October 26, 2015, Plaintiff filed a second administrative charge alleging employment discrimination ("October 26, 2015 Administrative Charge") with the DFEH and cross-filed the charge with the EEOC. *Id.* ¶ 25. On September 14, 2016, DFEH issued a "Notice of Case Closure and Right to Sue Letter." *Id.* ¶ 26.

throughout this order.

Case No. 16-CV-07026-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

On November 30, 2016, Medical Center terminated Plaintiff's position at Medical Center. *Id.* ¶ 27. On December 7, 2016, Plaintiff filed a third charge of employment discrimination ("December 7, 2016 Administrative Charge") with DFEH and obtained a second Notice of Case Closure and Right to Sue.[3] *Id.* ¶ 28.

**B. Procedural History**

On December 8, 2016, Plaintiff filed the instant suit against Defendant. *See* Compl. Plaintiff's original complaint alleged 11 causes of action: (1) disability discrimination in violation of the federal Americans with Disabilities Act ("ADA"); (2) disability discrimination in violation of the California Fair Employment Housing Act ("FEHA"); (3) failure to provide reasonable accommodation under the FEHA; (4) failure to engage in a good-faith interactive process concerning Plaintiff's request for reasonable accommodation under the FEHA; (5) wrongful termination in violation of public policy; (6) age discrimination under the federal Age Discrimination in Employment Act ("ADEA"); (7) age discrimination under the FEHA; (8) national origin discrimination under Title VII; (9) national origin discrimination under the FEHA; (10) retaliation; and (11) hostile work environment. FAC ¶¶ 26–101.

On January 30, 2017, Defendant filed a motion to dismiss. *See* ECF No. 15. The Court granted the motion to dismiss on March 23, 2017. ECF No. 29. The Court first dismissed Plaintiff's sixth cause of action for age discrimination under the ADEA and seventh cause of action for age discrimination under the FEHA because the complaint did not allege that Plaintiff filed an administrative charge that raised the issue of age discrimination with respect to Plaintiff's July 29, 2013 to August 11, 2013 suspension. *Id.* at 7–10. The Court granted Plaintiff leave to amend these causes of action because "Plaintiff may be able to allege facts that satisfy the ADEA's and the FEHA's administrative charge prerequisites for filing suit." *Id.* at 10.

Next, the Court dismissed Plaintiff's first cause of action for disability discrimination in violation of the ADA, second cause of action for disability discrimination under the FEHA, sixth

---

[3] Plaintiff's complaint does not inform the Court whether the December 7, 2016 Administrative Charge was cross-filed with the EEOC.

cause of action for age discrimination under the ADEA, seventh cause of action for age

discrimination under the FEHA, eighth cause of action for national origin discrimination under

Title VII, and ninth cause of action for national origin discrimination under the FEHA to the

extent that these causes of action were based on Plaintiff's September 15, 2014 demotion. *Id.* at

10–15. According to the complaint, Plaintiff did not file an administrative charge with the federal

Equal Employment Opportunity Commission ("EEOC") or the California Department of Fair

Employment and Housing ("DFEH") regarding this demotion until on or around October 26,

2015. *Id.* at 11. The ADEA requires administrative charges to be filed within 300 days of the

alleged unlawful action, and the FEHA requires administrative charges to be filed within one year

of the alleged unlawful action. *Id.* Therefore, Plaintiff's October 26, 2016 administrative charge

was untimely. The Court also found that Plaintiff had not adequately alleged that equitable tolling

applied either under California law (for purposes of the FEHA cause of action) or under federal

law (for purposes of the ADEA cause of action). *Id.* at 12–15. The Court granted leave to amend

on these causes of action because it was possible that Plaintiff could allege facts meeting the

California or federal standards for equitable tolling. *Id.*

   Next, the Court dismissed Plaintiff's fifth cause of action for wrongful termination. The

Court noted that "[t]he California Supreme Court has held that [common law] claims for wrongful

termination in violation of public policy are barred by § 815 of the [California Government Tort]

Claims Act." *Id.* at 15. Specifically, the Court held that § 815 bars claims for monetary relief in

wrongful termination claims. *Id.* at 17. Therefore, the Court dismissed Plaintiff's wrongful

termination cause of action with prejudice to the extent that the claim sought monetary relief. *Id.* at

19. However, the Court noted that it was unclear whether Plaintiff sought equitable relief under

her wrongful termination claim. *Id.* at 18. Therefore, the Court granted "leave to amend as to the

issue of equitable relief because Plaintiff may be able to seek relief that satisfies the requirements

of §§ 814 and 815." *Id.* at 19.

   Finally, the Court dismissed Plaintiff's cause of action for hostile work environment. *Id.* at

19. The Court held that to the extent that this claim was brought under common law, the claim was

barred by § 814 and § 815 of the Claims Act, which provides that public entities such as the County are immune from claims for monetary damages unless an exception applies. *Id.* Thus, as with the claim for wrongful termination, the Court dismissed the hostile work environment claim "with prejudice as to monetary damages, and with leave to amend as to equitable relief." *Id.* at 19–20. The Court also found that Plaintiff did not allege any harassment that occurred after September 24, 2014, and thus Plaintiff's October 26, 2015 administrative charge was untimely, and Plaintiff had not alleged facts showing that equitable tolling applied. *Id.* at 20–21. The Court granted leave to amend on this issue "because Plaintiff may be able to allege facts that satisfy the statute of limitations under the FEHA." *Id.* at 21.

On April 10, 2017, Plaintiff filed an amended complaint. ECF No. 34 ("FAC"). On April 24, 2017, Defendant filed a motion to dismiss the FAC, ECF No. 38, and a request for judicial notice in connection with the motion to dismiss, ECF No. 39. On May 1, 2017, Plaintiff filed an opposition to the motion to dismiss. ECF No. 42. On May 8, 2017, Defendant filed a reply, ECF No. 43, and a request for judicial notice in connection with the reply, ECF No. 44.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see*

*Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

## B. Leave to Amend

If the Court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

Defendant moves to dismiss on several grounds. First, Defendant argues that to the extent that Plaintiff's first, second, sixth, seventh, eighth, and ninth causes of action arise from Plaintiff's September 15, 2014 demotion, Plaintiff did not timely exhaust her administrative remedies for these causes of action under the ADA, the ADEA, Title VII, and the FEHA. Second, Defendant claims that Plaintiff's sixth and seventh causes of action, which relate to Plaintiff's July 29, 2013 suspension, are barred under the ADEA because Plaintiff has failed to exhaust administrative remedies. Third, Defendant argues that Plaintiff's fifth cause of action for wrongful termination in violation of public policy should be dismissed because Defendant is immune and because a claim

7

for equitable relief "cannot be maintained." Mot. at 2. Fourth, Defendant argues that Plaintiff's eleventh cause of action for hostile work environment fails because Plaintiff has not alleged that the harassing conduct was due to a protected characteristic and because the claim is time barred under the ADEA, Title VII, and the FEHA. Defendant also requests judicial notice in connection the motion to dismiss and the reply. The Court first addresses Defendant's requests for judicial notice and then addresses each of Defendant's arguments in turn.

## A. Requests for Judicial Notice

The Court first addresses Defendant's requests for judicial notice. ECF Nos. 39, 44. The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a filed complaint as a public record).

However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record . . . But a court may not take judicial notice of a fact that is subject to reasonable dispute.") (internal quotation marks omitted), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Defendant requests judicial notice of the following documents:

- Charge of Discrimination filed by Plaintiff Nayereh S. Madani on October 21, 2015;
- Caption pages for Personnel Board hearings on December 19, 2014; August 11 and 12, 2016; December 1 and 2, 2016; and January 20, 2017;
- Charge of Discrimination filed by Plaintiff Nayereh S. Madani on December 7, 2016.

8

These are all records of state and county administrative agencies and are therefore judicially noticeable. *See United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008) (holding that judicial notice is proper for records and reports of administrative agencies). Additionally, Plaintiff does not oppose Defendant's requests for judicial notice. Therefore, the Court GRANTS Defendant's requests for judicial notice.

**B. Causes of Action Based on Plaintiff's September 15, 2014 Demotion**

First, Defendant argues that to the extent that Plaintiff's first, second, sixth, seventh, eighth, and ninth causes of action arise from Plaintiff's September 15, 2014 demotion, Plaintiff did not timely exhaust her administrative remedies for these causes of action under the ADA, the ADEA, Title VII, and the FEHA.

In the Court's March 23, 2017 order granting Defendant's first motion to dismiss, the Court addressed the same argument. The Court first noted that the ADEA, the ADA, and Title VII require an employee to file an administrative charge with the EEOC within 300 days of the alleged discriminatory action and that the FEHA requires an employee to file an administrative charge with the DFEH within one year of the alleged discriminatory action. ECF No. 29 at 11 (citing 29 U.S.C. § 626(d)(1) (ADEA); 42 U.S.C. § 2000e-5(e) (Title VII); 42 U.S.C. § 12117 (Title VII deadlines adopted under the ADA); Cal. Gov't Code § 12960 (FEHA)). The Court then noted that although Plaintiff's demotion occurred on September 15, 2014, Plaintiff did not file an administrative charge with the EEOC or the DFEH until October 26, 2015. FAC ¶ 25.

Therefore, because Plaintiff did not file administrative charges until more than a year after Plaintiff's September 15, 2014 demotion, the Court found that Plaintiff's causes of action based on this demotion were untimely unless equitable tolling applied. *Id.* Plaintiff argued that the statute of limitations was equitably tolled by Plaintiff's ongoing appeal of her demotion to the Santa Clara Personnel Board. *Id.* at 12. However, the Court held that Plaintiff had not alleged any details about the ongoing appeal to allow the Court to determine whether equitable tolling was proper under either federal law or California law. *Id.* at 13–14.

Therefore, the Court dismissed Plaintiff's causes of action based on her September 15,

United States District Court
Northern District of California

2014 demotion. *Id.* The Court granted leave to amend to allow Plaintiff to allege facts that may meet the California and federal standards for equitable tolling. *Id.*

In the FAC, Plaintiff has added new allegations regarding the ongoing Personnel Board Appeal of the September 15, 2014 demotion. Specifically, the FAC alleges the following:

> On August 30, 2014, Madani filed a Notice of Appeal of the demotion with the Santa Clara County Personnel Board. At the subsequent hearings on the demotion, at which the County was represented by its Principal Labor Relations Representative, Lisa Dumanowski, Madani presented testimony and evidence that the demotion was based on her disabilities, age, national origin, and in retaliation for her prior lawsuit and administrative charges against the County. The Santa Clara County Personnel Board credited the testimony and evidence, found that Madani had been subjected to a hostile work environment, and did not sustain the demotion imposed against Madani.

ECF No. 34, ¶ 19. Defendant argues that even with these new allegations, equitable tolling is not justified under either California or federal law. The Court first addresses equitable tolling under California law and then addresses equitable tolling under federal law.

### 1. Equitable Tolling Under California Law

The Court first considers equitable tolling under California law. This is relevant to Plaintiff's second, seventh, and ninth causes of action, which arise under the FEHA. As discussed in the Court's March 23, 2017 order, under California law, "[t]he equitable tolling of statutes of limitations is . . . 'designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied.'" *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99 (2008). California courts have found this purpose satisfied where a plaintiff pursues administrative or internal remedies at an organization. *Id.* However, to apply equitable tolling, the plaintiff must show "[1] 'timely notice, [2] lack of prejudice to the defendant, and [3] reasonable and good faith conduct on the part of the plaintiff.'" *Id.* at 102 (citing *Downs v. Dep't of Water & Power*, 58 Cal. App. 4th 1093, 1100 (1997)). The timely notice requirement means that "the first claim must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim." *Id.* at 102 n.2. The "lack of prejudice to the defendant"

Case No. 16-CV-07026-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

requirement means that "the facts of the two claims [must] be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." *Id.*

In the instant motion to dismiss, Defendant does not contest that the first and second requirements of equitable tolling under California law are met. Instead, Defendant focuses on the third element, "reasonable and good faith conduct on the part of the plaintiff." *Id.* at 102. Specifically, Defendant claims that "Plaintiff cannot plausibly allege she thought in good faith that her FEHA claim was tolled while the Personnel Board proceedings were ongoing" because "Plaintiff did not wait for a decision from the County Personnel Board on her demotion before filing her administrative charge." ECF No. 38, at 5. Instead, Plaintiff filed her administrative charge while the County Personnel Board appeal was ongoing. Defendant argues that this conduct is not reasonable and in good faith because filing while the appeal was ongoing frustrated the equitable tolling doctrine's purpose of avoiding "the hardship of compelling plaintiffs to pursue several duplicative actions simultaneously on the same set of facts." *Id.* (quoting *Collier v. City of Pasadena*, 142 Cal.App.3d 917, 926 (1983)).

In response, Plaintiff claims that whether Plaintiff acted reasonably in filing her administrative charge while the County Personnel Board appeal was ongoing presents an issue of fact that cannot be resolved at the motion to dismiss stage. ECF No. 42, at 6. Defendant agrees that at the motion to dismiss stage, the Court's role is only to ensure "Plaintiff has pled facts that make out a plausible claim" for equitable tolling. ECF No. 43, at 3; *see also Ilaw v. Daughters of Charity Health Sys.*, 2012 WL 381240, at *4 (N.D. Cal. Feb. 6, 2012), *aff'd*, 585 F. App'x 572 (9th Cir. 2014) ("Where the running of the statute of limitations appears on the face of a complaint, a plaintiff must allege facts to support a plausible claim that the equitable tolling doctrine applies in order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6)."). Defendant argues that "Plaintiff cannot plausibly allege she thought in good faith that her FEHA claim was tolled during the Personnel Board proceedings; instead, it appears Plaintiff simply missed the statutory deadline." ECF No. 38, at 5.

11

1     Nevertheless, at the motion to dismiss stage the Court must "accept factual allegations in

2   the complaint as true and construe the pleadings in the light most favorable to the nonmoving

3   party." *Manzarek,* 519 F.3d at 1031. As discussed above, the California Supreme Court has

4   specifically held that equitable tolling applies when a plaintiff pursues administrative or internal

5   remedies in a way that puts the defendant on notice, avoids prejudice to the defendant, and

6   constitutes reasonable and good faith conduct. *McDonald*, 45 Cal. 4th at 102 n.2.  Plaintiff's

7   allegations that she sought relief through the County Personnel Board are sufficient to meet this

8   standard.

9     Although Defendant may be correct that Plaintiff "simply missed the statutory deadline,"

10   the Court cannot resolve this issue at the motion to dismiss stage. ECF No. 38, at 5. Similarly, the

11   mere fact that Plaintiff filed her administrative charges while the County Personnel Board appeal

12   was still pending does not conclusively show that Plaintiff is not entitled to equitable tolling. The

13   facts may show that Defendant is correct and that Plaintiff acted unreasonably. However, the facts

14   may also show that Plaintiff acted reasonably in pursuing her claims before the County Personnel

15   Board and only decided to file administrative charges when the County Personnel Board

16   proceedings dragged on for over a year and Plaintiff concluded that her claim would be resolved

17   more expeditiously if she filed administrative charges.

18     In short, the reasonableness of Plaintiff's actions is not an issue that the Court can resolve

19   at the motion to dismiss stage. Instead, "constru[ing] the pleadings in the light most favorable to

20   the nonmoving party," the Court finds that Plaintiff sufficiently alleges that her actions were

21   reasonable and in good faith and that equitable tolling may therefore be justified under California

22   law. *Manzarek,* 519 F.3d at 1031.

23     Thus, because the Court finds that Plaintiff has sufficiently alleged that equitable tolling

24   applies, the Court DENIES Defendant's motion to dismiss Plaintiff's second, seventh, and ninth

25   causes of action, which arise under the FEHA, to the extent that those causes of action are based

26   on Plaintiff's September 15, 2014 demotion.

27     **2.  Equitable Tolling Under Federal Law**

28
Case No. 16-CV-07026-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

The Court next considers equitable tolling under federal law. This is relevant to Plaintiff's first, sixth, and eighth causes of action, which arise under the ADA, the ADEA, and Title VII. Federal requirements for equitable tolling are much stricter than California requirements, and equitable tolling under federal law is reserved for "extreme cases" and "extraordinary circumstances." *Ilaw*, 2012 WL 381240, at *5. Importantly, as discussed in the Court's March 23, 2017 order, "no federal court in this Circuit has extended *McDonald*'s holding to [causes of action under federal statutes]." *Villalvaso v. Odwalla, Inc.*, 2011 WL 1585604, at *3 (E.D. Cal. Apr. 25, 2011). To the contrary, "Federal courts have typically extended the [equitable tolling] doctrine only sparingly," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)), and only in order "to avoid injustice in the face of [a plaintiff's] good-faith error," *Bernhardt v. State of Cal. Dep't of Corr. & Rehab.*, 2015 WL 2003096, at *8 (E.D. Cal. Apr. 29, 2015) (citing *Villalvaso,* 2011 WL 1585604 at *4).

Although there is no specific formula for determining whether equitable tolling applies under federal law, the Ninth Circuit has identified four factors relevant to determining whether equitable tolling should apply to a discrimination claim: "(1) the plaintiff's diligent pursuit of a claim; (2) the administrative agency's provision of misinformation or misleading statements; (3) the plaintiff's reliance on the misinformation or misrepresentation; and (4) the plaintiff's lack of representation at the time." *Id.* (citing *Rodriguez*, 265 F.3d at 902, and *Valentine v. California Emp't Dev. Dep't*, 2012 WL 386682, at *4 (C.D. Cal. Feb. 6, 2012)); *see also Irwin*, 498 U.S. at 96 ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.").

In the Court's March 23, 2017 order, the Court noted that "Plaintiff has not alleged any facts that show that Plaintiff satisfies any of the factors described in *Bernhardt*." ECF No. 29, at 14. The FAC does not cure this deficiency. Indeed, Plaintiff's opposition to the instant motion to dismiss does not mention the *Bernhardt* factors at all. Nor does Plaintiff's opposition argue that

Case No. 16-CV-07026-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

equitable tolling should apply for some other reason. Instead, Plaintiff's opposition states only that "[t]here is no formula for applying equitable tolling to federal discrimination claims, though it merits consideration that Madani did diligently pursue her claims with the Personnel Board prior to filing charges with the DFEH. It is for a jury, and not the judge, to determine whether Madani is entitled to equitable tolling of the statute of limitations based thereon." Opp. at 7 (internal citations omitted). In short, Plaintiff simply claims that the Court should not resolve at this stage whether federal equitable tolling applies.

However, even at the motion to dismiss stage, Plaintiff has the obligation to show that there is "a possibility of equitable tolling" under the federal standard. *Ilaw*, 2012 WL 381240, at *5. Plaintiff has failed to do so in the FAC or in Plaintiff's opposition to the motion to dismiss. Indeed, despite the Court's explicit instructions in the March 23, 2017 order, Plaintiff has made essentially no argument that federal equitable tolling is warranted in the instant case. Instead, Plaintiff has merely stated that "it warrants consideration" that Plaintiff "diligently pursue[d] her claims." Opp. at 7. This is not sufficient to plausibly suggest that there are "extraordinary circumstances" that would justify equitable tolling under the federal standard. *Ilaw*, 2012 WL 381240, at *5.

Although *McDonald* provides that pursuing alternative internal may be sufficient to establish equitable tolling under California law, "no federal court in this Circuit has extended *McDonald*'s holding to" federal causes of action. *Villalvaso*, 2011 WL 1585604, at *3. Indeed, this Court has previously held that "[t]he doctrine of [federal] equitable tolling is not designed to give plaintiffs leave to forum shop," which suggests that pursuing an alternative remedy ordinarily would not justify equitable tolling of federal claims. *Ilaw*, 2012 WL 381240, at *6. There may be some "extraordinary" circumstances in which a proceeding in a different forum may justify equitable tolling for a federal claim. *See Valenzuela v. Kraft*, 801 F.2d 1170 (9th Cir. 1986) (finding equitable tolling applied when a plaintiff filed a Title VII claim in state court because it was unclear at the time that federal courts had exclusive jurisdiction over Title VII claims). However, in the instant case, Plaintiff has alleged no facts and made no argument explaining how

14

her alternative proceedings before the County Personnel Board justify equitable tolling under the federal standard. Therefore, the Court holds that Plaintiff has failed to sufficiently allege facts demonstrating that this is an "extreme case" with "extraordinary circumstances" that might justify equitable estoppel. *Ilaw*, 2012 WL 381240, at *5.

In the Court's March 23, 2017 order, the Court found that Plaintiff failed to adequately allege facts showing that federal equitable tolling was justified. ECF No. 29, at 14. In doing so, the Court indicated that Plaintiff should address the relevant factors or otherwise show that there are extraordinary circumstances justifying equitable tolling in the instant case. *Id.* The Court also warned that "[f]ailure to . . . file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiff's deficient causes of action." *Id.* at 21.

Nevertheless, despite this explicit warning, Plaintiff has still provided no allegations or argument demonstrating that federal equitable tolling may be justified in the instant case. In light of this failure, the Court finds that further amendment would be futile. Therefore, the Court GRANTS WITH PREJUDICE Defendant's motion to dismiss Plaintiff's first, sixth, and eighth causes of action, which are based on the ADA, the ADEA, and Title VII, to the extent that these causes of action are based on Plaintiff's September 15, 2014 demotion.

**C. Causes of Action Based on Plaintiff's July 29, 2013 Suspension**

Next, Defendant claims that Plaintiff's sixth and seventh causes of action, which relate to Plaintiff's July 29, 2013 suspension, are barred under the ADEA and the FEHA because Plaintiff has failed to exhaust administrative remedies.

In the Court's March 23, 2017 order granting Defendant's earlier motion to dismiss, the Court dismissed Plaintiff's sixth cause of action for age discrimination under the ADEA and seventh cause of action for age discrimination under the FEHA to the extent that those causes of action arose from Plaintiff's July 29, 2013 suspension because Plaintiff did not file an administrative charge that raised the issue of age discrimination with respect to the suspension. ECF No. 29 at 7–10. The Court noted that the ADEA required filing an administrative charge with

15

the EEOC within 300 days of the alleged unlawful practice and that the FEHA required filing an administrative charge within one year of the alleged unlawful practice. *Id.* at 8. Plaintiff filed an administrative charge challenging Plaintiff's suspension on August 2, 2013, which was within the relevant statute of limitations for both the ADEA and the FEHA. *Id.* at 9. However, in the August 2, 2013 administrative charge Plaintiff challenged the suspension as involving discrimination based only on race, national origin, religion, and disability. *Id.* Plaintiff did not raise the issue of age discrimination in the August 2, 2013 administrative charge. *Id.*

Nevertheless, Plaintiff argued that the statute of limitations for filing an administrative charge was equitably tolled because Plaintiff appealed her July 29, 2013 suspension to the Santa Clara County Personnel Board. *Id.* at 10. However, the Court found that equitable tolling was irrelevant, because "Plaintiff fails to allege that Plaintiff has ever filed an administrative charge that challenges Plaintiff's suspension on the basis of age discrimination." *Id.*

In short, Plaintiff's original complaint did not allege that the issue of age discrimination was raised in her August 2, 2013 administrative charge or any other administrative charge. Therefore, Plaintiff failed to adequately allege that she had administratively exhausted these claims, and thus the Court dismissed Plaintiff's age discrimination claims challenging her July 29, 2013 suspension. The Court granted Plaintiff leave to amend because "Plaintiff may be able to allege facts that satisfy the ADEA's and the FEHA's administrative charge prerequisites for filing suit." *Id.* at 10.

In the FAC, Plaintiff alleges the following with respect to administrative exhaustion of her age discrimination cause of action challenging the July 29, 2013 suspension:

> On December 7, 2016, Madani filed a Complaint of Employment Discrimination with the Department of Fair Employment and Housing (DFEH Number 839566-265318), and obtained a Notice of Case Closure and Right to Sue. The Complaint of Employment Discrimination alleged that Madani experienced discrimination, harassment, and retaliation, because of her actual or perceived age, disability, medical leave, and national origin, and as a result was suspended, demoted, denied a good faith interactive process, denied a work environment free of discrimination and/or retaliation, denied reasonable accommodations, and terminated.

ECF No. 34, ¶ 28. In Defendant's reply, Defendant claims that this statement misrepresents the contents of the December 7, 2016 administrative charge, of which the Court has taken judicial notice, as discussed above. Specifically, Defendant points out that the first page of Plaintiff's December 7, 2016 administrative charge states the following:

> On or around November 30, 2016, complainant alleges that respondent took the following adverse actions against complainant: Discrimination, Harassment, Retaliation Terminated. Complainant believes respondent committed these actions because of their: Age - 40 and over, Disability, Family Care or Medical Leave, National Origin - Including language use restrictions.

ECF No. 44-1, at 5. Defendant points out that this page does not mention Plaintiff's July 29, 2013 suspension. Defendant then claims that "Plaintiff asserts nowhere in her December 2016 administrative charge that the County suspended or demoted her on an unlawful ground." Reply at 2.

However, this argument ignores the fact that on the next page of the December 7, 2016 administrative charge, under the heading "Additional Complaint Details," the charge alleges that the County engaged in discriminatory "hostile conduct" against Plaintiff and that this hostile conduct included Plaintiff's July 29, 2013 suspension. *Id.* at 6. Indeed, the administrative charge contains considerable detail about the suspension, including the following:

> On March 27, 2013, the County sent a letter to Madani stating that it was recommending that Madani be suspended from her position as an Assistant Nurse Manager for two workweeks based on Madani's alleged violations of certain Merit System Rules and Department Policies or Procedures. A hearing was conducted on April 25, 2013. On June 19, 2013, the Santa Clara Valley Medical Center issued a written decision upholding the suspension recommendation of ten (10) work days. The suspension was served by Madani from July 29, 2013 to August 11, 2013.

*Id.* Thus, Defendant is incorrect that Plaintiff's December 7, 2016 administrative charge failed to discuss Plaintiff's July 29, 2013 suspension.

Additionally, the question of the "scope of the written administrative charge . . . [is] to be construed liberally." *Rodriguez*, 265 F.3d at 897. "The absence of a perfect 'fit' between the administrative charge and the judicial complaint is therefore not fatal to judicial review if the policies of promoting conciliation and avoiding bypass of the administrative process have been

served." *Ong v. Cleland*, 642 F.2d 316, 319 (9th Cir. 1981). Thus, because Plaintiff's December 7, 2016 administrative charge specifically mentioned the July 29, 2013 suspension, the Court finds that the December 7, 2016 administrative charge was adequate to administratively exhaust Plaintiff's remedies.

Nevertheless, Plaintiff's December 7, 2016 administrative charge was filed more than a year after the conclusion of Plaintiff's suspension and thus fell outside the statute of limitations for both the ADEA and the FEHA. Therefore, unless equitable tolling applies, Plaintiff's claims are untimely.

As with Plaintiff's claim regarding her September 15, 2014 demotion, Plaintiff argues that equitable tolling applies because Plaintiff pursued alternative remedies before the Santa Clara County Personnel Board. Specifically, Plaintiff's FAC provides the following allegations to support Plaintiff's argument for equitable tolling:

> On July 22, 2013, Madani filed a Notice of Appeal of the suspension with the Santa Clara County Personnel Board. At the subsequent hearings on the suspension, at which the County was represented by its Principal Labor Relations Representative, Lisa Dumanowski, Madani presented testimony and evidence that the suspension was based on her disabilities, age, national origin, and in retaliation for her prior lawsuit and administrative charges against the County. The Santa Clara County Personnel Board credited the testimony and evidence, found that Madani had been subjected to a hostile work environment, and did not sustain the suspension imposed against Madani.

FAC ¶ 15. Thus, the allegations regarding equitable tolling for the purposes of Plaintiff's claim based on the July 29, 2013 suspension are essentially identical to the allegations regarding equitable tolling for Plaintiff's claim based on the September 15, 2014 demotion. Additionally, Plaintiff's opposition does not differentiate between the July 29, 2013 suspension and the September 15, 2014 demotion in arguing for equitable tolling, but instead offers the same argument for both alleged discriminatory acts.

As discussed above, Plaintiff has adequately alleged that equitable tolling applies under California law, but Plaintiff has not adequately alleged that equitable tolling applies under federal law. Therefore, for the reasons discussed above with respect to the September 15, 2014 demotion,

18

see supra Part III.B, the Court finds that for Plaintiff's causes of action challenging her July 29, 2013 suspension, Plaintiff has adequately alleged that equitable tolling applies to Plaintiff's California state causes of action, but Plaintiff has not adequately alleged that equitable tolling applies to Plaintiff's federal causes of action. The Court thus DENIES Defendant's motion to dismiss Plaintiff's seventh cause of action, which asserts a violation of the California FEHA, to the extent that this cause of action is based on Plaintiff's July 29, 2015 suspension. The Court GRANTS WITH PREJUDICE Defendant's motion to dismiss Plaintiff's sixth cause of action, which asserts a violation of the federal ADEA, to the extent that this cause of action is based on Plaintiff's July 29, 2015 suspension.

**D. Cause of Action for Wrongful Termination in Violation of Public Policy**

Third, Defendant argues that Plaintiff's fifth cause of action for wrongful termination in violation of public policy should be dismissed because Defendant is immune to a claim for money damages and because a claim for equitable relief "cannot be maintained." Mot. at 2.

In the Court's March 23, 2017 order, the Court dismissed Plaintiff's wrongful termination claim. The Court noted that under the California Government Torts Claims Act, California Government Code § 815, public entities are "not liable for [a plaintiff's] injury" "[e]xcept as otherwise provided by statute." Cal. Gov't Code § 815; *see also State Dep't of State Hosps. v. Superior Court*, 61 Cal. 4th 339, 348 (2015) (discussing the Government Claims Act, which "sets out a comprehensive scheme of governmental liability and immunity statutes"). The Court held that no statute removes Defendant's immunity against Plaintiff's wrongful termination claim and noted that "[t]he California Supreme Court has held that claims for wrongful termination in violation of public policy are barred by § 815 of the Claims Act." *Id.* at 15.

Plaintiff argued that § 815 immunity did not apply to Plaintiff's common law claim for wrongful termination because Plaintiff's claim primarily sought equitable relief, which is exempt from § 815 immunity. *Id.* at 16. However, the Court found that although Plaintiff's general prayer for relief mentioned arguably equitable forms of relief, Plaintiff's complaint did not specifically allege any equitable relief as part of Plaintiff's wrongful termination cause of action. Thus, the

Case No. 16-CV-07026-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

Court dismissed Plaintiff's claim for wrongful termination and granted "leave to amend as to the issue of equitable relief because Plaintiff may be able to seek relief that satisfies the requirements of §§ 814 and 815." *Id.* at 19. Therefore, the Court did not decide whether reinstatement and back pay are available as remedies for the common law tort of wrongful termination in violation of public policy or whether these remedies fall under § 814's exception to § 815's grant of immunity.

In Plaintiff's FAC, Plaintiff specifically states that the remedies that Plaintiff seeks under the wrongful termination cause of action include reinstatement and back pay. FAC ¶ 67. In the motion to dismiss, Defendant argues that Defendant is immune to wrongful termination claims under § 815 and that reinstatement is not available for the tort of wrongful termination in violation of public policy.

In support of its argument that reinstatement is never available for the tort of wrongful termination in violation of public policy, Defendant notes that the California Supreme Court has described this tort as "a narrow exception" to the rule of at-will employment that allows "at-will employees may recover *tort damages* from their employers if they can show they were discharged in contravention of fundamental public policy." *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 71 (1998) (emphasis added). Defendant also states that it "is aware of no authority extending this tort beyond money damages . . . ." Mot. at 7.

In response, Plaintiff argues simply that Defendant "is wrong on this point" and that reinstatement is the usual remedy when an employee is wrongfully terminated. Opp. at 7. In support of this proposition, Plaintiff cites *Cotran v. Rollins Hudig Hall Int'l, Inc.*, 17 Cal. 4th 93 (1998), and *Ukiah v. Fones*, 64 Cal. 2d 104, 107 (1966). However, these citations are inapposite. Neither case addresses the tort of wrongful termination in violation of public policy. In fact, *Ukiah* was decided fourteen years before the tort of wrongful termination in violation of public policy was introduced in the California Supreme Court's decision in *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980). Furthermore, the portion of *Cotran* to which Plaintiff cites occurs in the dissenting portion of a part concurrence/part dissent by Justice Kennard, and the case itself involved a contract dispute rather than a tort claim. *See Cotran*, 17 Cal. 4th at 117 ("I would

define the measure of contract damages recoverable by the employee to better balance the competing interests. I would do so by adapting to private employment the well-established civil service remedy of awarding only reinstatement with backpay for wrongful termination.").

Nevertheless, the Court need not decide whether reinstatement is ever available as a remedy for the tort of wrongful termination in violation of public policy. Instead, for the reasons discussed below, the Court finds that reinstatement is not available as a remedy for a common law wrongful termination claim asserted against Defendant in the instant case because as a public entity, Defendant is immune to such claims under § 815 of the Claims Act even when those claims seek reinstatement.

As discussed above, under § 815 of the Claims Act, public entities are "not liable for [a plaintiff's] injury" "[e]xcept as otherwise provided by statute." Cal. Gov't Code § 815. However, § 814 of the Claims Act qualifies this grant of immunity and states that "[n]othing in this part [including § 815] affects liability based on contract or the right to obtain relief other than money or damages against a public entity or public employee." Cal. Gov't Code § 814; *see also* Cal. Gov't Code § 815 cmt. ("Because of the limitations contained in Section 814, which declares that this part does not affect liability arising out of contract or the right to obtain specific relief against public entities and employees, the practical effect of this section is to eliminate any common law governmental liability for damages arising out of torts."). Plaintiff argues that because reinstatement with back pay is classified as an equitable remedy, under § 814 Defendant has no public entity immunity against wrongful termination claims seeking reinstatement with back pay as the remedy. *Cf. Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1020 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 2, 2000) (classifying reinstatement, back pay, and front pay as equitable remedies for the purposes of Title VII).

However, § 814 does not exempt a claim from immunity simply because a plaintiff seeks a form of relief that is labeled as equitable. To the contrary, "whether the action falls within the Tort Claims Act immunity for tort claims does not depend on the form of pleading or relief sought, but rather on the source of the duty." *Kucharczyk v. Regents of Univ. of California*, 946 F. Supp. 1419,

Case No. 16-CV-07026-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

1445 (N.D. Cal. 1996). In other words, § 815 immunizes public entities against causes of action that are based in common law regardless of what remedies a plaintiff seeks under such causes of action. *See Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 899 (2008) ("[S]ection 815 . . . abolishes all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the state or federal constitution, e.g., inverse condemnation. Moreover, our own decisions confirm that section 815 abolishes common law tort liability for public entities.") (citing Cal. Gov't Code § 815 cmt.).

Indeed, in *Miklosy*, the decision in which the California Supreme Court first held that § 815 immunity applies to the tort of wrongful termination in violation of public policy, the Court emphasized that § 815 immunity is justified "[b]ecause the 'classic *Tameny* [wrongful termination] cause of action' is a common law, judicially created tort . . . ." *Id.* Several other courts have come to similar conclusions. *See, e.g.*, *Thomsen v. Sacramento Metro. Fire Dist.*, 2009 WL 8741960, at *14 (E.D. Cal. Oct. 20, 2009) ("Section 815(a) immunity applies to claims for wrongful discharge in violation of public policy because a claim for wrongful termination in violation of public policy is a common law cause of action judicially created by *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980)."); *Palmer v. Regents of Univ. of California*, 107 Cal. App. 4th 899, 909 (2003) ("Because the 'classic *Tameny* cause of action' is a common law, judicially created tort and not authorized by statute, it is not properly asserted against the Regents.").

This conclusion is reinforced by the fact that courts have consistently used broad language in stating that § 815 forbids wrongful termination claims against public entities and that no court has made an exception to this rule for claims seeking reinstatement. *See, e.g.*, *Miklosy*, 44 Cal. 4th at 899 (2008) ("[S]ection 815 bars [wrongful termination in violation of public policy] actions against public entities."); *McAllister v. Los Angeles Unified Sch. Dist.*, 216 Cal. App. 4th 1198, 1219 (2013) ("*Miklosy* made it clear that a claim for wrongful discharge in violation of public policy may not be brought against a public entity."). Indeed, if Plaintiff was correct that litigants could seek reinstatement with back pay in common law wrongful termination claims as a matter of

22

course and that reinstatement with back pay was exempt from § 815 immunity, this would create an exception to *Miklosy*'s holding that "section 815 bars [wrongful termination in violation of public policy] actions against public entities" that would essentially swallow the rule. 44 Cal. 4th at 899; *see also Caudle*, 224 F.3d at 1023 n.6 ("[B]ack pay awards serve a similar purpose as compensatory damages awards.").

In other words, although *Miklosy* did not specifically address the issue of equitable versus common law remedies, *Miklosy* confirmed that § 815 precludes common law wrongful termination claims against public entities because "the source of the duty" for such claims is the common law. *Kucharczyk*, 946 F. Supp. at 1445. Thus, regardless of what particular remedies a plaintiff seeks for common law wrongful termination, § 815 immunity nevertheless applies because "the *classic* [wrongful termination] cause of action is a common law, judicially created tort . . . ." *Miklosy*, 44 Cal. 4th at 899.

Indeed, consistent with this principle, at least one court has applied § 815 immunity to a wrongful termination claim that sought reinstatement. In *Brandt v. Los Angeles Unified Sch. Dist.*, 2011 WL 6016086, at *1 (Cal. Ct. App. Dec. 5, 2011) (unpublished),[4] the court specifically noted that "plaintiff filed an amended complaint alleging a single cause of action for wrongful termination, and requesting back pay, reinstatement of benefits, exemplary damages and pre-judgment interest." Nevertheless, the court relied on *Miklosy* and held that "because plaintiff's sole cause of action, for wrongful termination, is founded in the common law rather than in statute, the Government Claims Act bars his lawsuit." *Id.* at *2.

Additionally, the California Court of Appeals has held that in determining what relief qualifies as "relief other than money or damages" for the purposes of § 814, "the type of relief covered cannot circumvent the underlying policies behind the governmental tort liability for money damages; any 'relief' allowed under section 814 cannot create duties that immunity

---

[4] The *Brandt* opinion is unpublished and is therefore not precedent under the California Rule of Court 8.1115. However, the Court "may nonetheless rely on the unpublished opinion[] . . . to 'lend support'" to the idea that the Court's conclusion "accurately represents California law." *Emp'rs Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n. 8 (9th Cir. 2003).

Case No. 16-CV-07026-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

provisions guard against." *Schooler v. State of California*, 85 Cal. App. 4th 1004, 1014 (2000). The Claims Act's immunity provisions, including § 815, are meant to prevent "legal and financial burdens" on the state. *Id.* Thus, even if a remedy is classified as equitable, if a claim would "create legal and financial burdens that necessarily accompany [the alleged] duty," then a public entity has immunity under § 815. *Id.*

Reinstatement with back pay would clearly create "legal and financial burdens" for Defendant, because such a remedy would obligate Defendant to pay Plaintiff both for past work using public funds. *See Caudle*, 224 F.3d at 1023 n.6 ("[B]ack pay awards serve a similar purpose as compensatory damages awards."). The California Court of Appeals came to a similar conclusion in *Loehr v. Ventura Cty. Cmty. Coll. Dist.*, 147 Cal. App. 3d 1071 (Ct. App. 1983). In *Loehr*, a plaintiff sued a public entity and sought "both damages for [the plaintiff's] alleged wrongful termination and reinstatement." *Id.* at 1076. Even though the plaintiff sought reinstatement, the court found that the Claims Act applied to the case because "[e]ach of the . . . causes of action are aimed at recovering monetary damages" within the meaning of the Claims Act.[5] *Id.* at 1080.

Thus, even though reinstatement and back pay may be considered equitable remedies, the Court finds that § 814's narrow exception to § 815's grant of immunity does not permit a plaintiff to seek such remedies against a public entity as part of a common law wrongful termination cause of action. *See TrafficSchoolOnline, Inc. v. Clarke*, 112 Cal. App. 4th 736, 741 (2003) ("The intent of the Tort Claims Act is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the act are satisfied.") (internal quotation marks and alterations omitted).

For these reasons, the Court finds that as a matter of law, Plaintiff's wrongful termination

---

[5] Immunity was not at issue in *Loehr* because the claim arose under contract. *Id.*; *see* Cal. Gov't Code § 814 (exempting contract claims from liability). However, deciding whether the Claims Act applied was relevant to determining whether the plaintiff was obligated to comply with the Claims Act's procedural requirements for contract claims.

24

claim is barred by § 815 even though Plaintiff seeks reinstatement with back pay as a remedy.[6] Thus, the Court GRANTS Defendant's motion to dismiss Plaintiff's wrongful termination claim. Because the Court finds that this cause of action is precluded as a matter of law, amendment would be futile and therefore this dismissal is with prejudice.

### E. Hostile Work Environment Claim

Finally, Defendant moves to dismiss Plaintiff's cause of action for hostile work environment. In the Court's March 23, 2017 order, the Court dismissed this claim with leave to amend. The Court first noted that it was unclear whether this claim was brought under common law or under a statute. The Court held that to the extent that this claim was brought under common law, the claim was barred by § 814 and § 815 of the Claims Act, which provides that public entities such as Defendant are immune from common law damages claims unless an exception applies. ECF No. 29 at 19. Thus, as with the claim for wrongful termination, the Court dismissed the hostile work environment claim "with prejudice as to monetary damages, and with leave to amend as to equitable relief." *Id.* at 19–20. The Court also found that Plaintiff did not allege any harassment that occurred after September 24, 2014, and thus Plaintiff's October 26, 2015 administrative charge was untimely, and Plaintiff had not alleged facts showing that equitable tolling applied. *Id.* at 20–21. The Court granted leave to amend on this issue "because Plaintiff may be able to allege facts that satisfy the statute of limitations under the FEHA." *Id.* at 21.

In the instant motion to dismiss, Defendant argues that Plaintiff still does not identify whether Plaintiff's hostile work environment claim is made under common law or under statute. Mot. at 7. Defendant also argues that if the claim arises under a statute such as Title VII or the FEHA, Plaintiff "fails to tie the County's alleged unlawful harassment to any characteristic such as her age, national origin, or disability." *Id.*

---

[6] The FAC states that in addition to reinstatement, Plaintiff also seeks "a judicial declaration that the County permit her to hold her employment free of prejudice" under her wrongful termination claim. FAC ¶ 67. Permitting Plaintiff to hold her employment free of prejudice is only possible if the Court first orders reinstatement. Under § 815 the Court has no power to order reinstatement, and therefore Plaintiff's requested declaration is not possible.

In her opposition, Plaintiff states that her hostile work environment cause of action "is brought pursuant to FEHA." Opp. at 8. However, even if the Court construes the hostile work environment claim as arising under the FEHA, Defendant is correct that Plaintiff never ties any of her allegations regarding a hostile work environment to a protected characteristic.

Plaintiff claims that the FAC "alleges that the unlawful employment practices were on account of her membership in [protected] groups," and in support of that proposition Plaintiff cites paragraph 102 of the FAC. However, paragraph 102 of the FAC states only that "Plaintiff was subjected to unlawful employment practices at the County including discrimination and harassment as alleged herein that created a hostile work environment that injured and damaged Plaintiff." FAC ¶ 102. Thus, contrary to Plaintiff's claim in her opposition, neither paragraph 102 nor any other portion of the FAC contains any allegation that Defendant created a hostile work environment based on Plaintiff's membership in a protected class.

Additionally, because the FAC does not specify the protected class that forms the basis of Plaintiff's hostile work environment claim, the FAC, like the original complaint, fails to allege whether Plaintiff has timely exhausted her administrative remedies for Plaintiff's hostile work environment claim. On October 26, 2015, Plaintiff filed an administrative charge asserting a hostile work environment on the basis of disability and retaliation. FAC ¶ 25. However, the FAC nowhere alleges that Plaintiff's hostile work environment claim is based on disability or retaliation. The FAC also does not allege that Plaintiff exhausted her administrative remedies for a hostile work environment claim based on any other protected class.

Perhaps recognizing that the FAC is deficient, Plaintiff states that "[i]n the event the Court believes more specificity is required, Plaintiff requests leave to amend this claim to provide more specific allegations tying the unlawful employment practices to the foregoing protected classes." Opp. at 8. However, this is the second motion to dismiss that Defendant has litigated. Despite having filed two complaints, Plaintiff has not yet specified the source of law or the protected class that form the basis of Plaintiff's hostile work environment claim. This shows "bad faith or dilatory motive on the part of the" Plaintiff. *Leadsinger*, 512 F.3d at 532. Granting Plaintiff leave to amend

26

1  at this stage would "unduly delay" the proceedings and would "unduly prejudice" Defendant. *Id.*

2  Therefore, the Court finds that leave to amend is not warranted.

3        For these reasons, the Court GRANTS WITH PREJUDICE Defendant's motion to dismiss

4  Plaintiff's hostile work environment claim.

5  **IV.**    **CONCLUSION**

6        For the foregoing reasons the Court makes the following rulings. The Court DENIES

7  Defendant's motion to dismiss Plaintiff's second, seventh, and ninth causes of action, which arise

8  under the FEHA, to the extent that those causes of action are based on Plaintiff's September 15,

9  2014 demotion. The Court GRANTS WITH PREJUDICE Defendant's motion to dismiss

10  Plaintiff's first, sixth, and eighth causes of action, which are based on the ADA, the ADEA, and

11  Title VII, to the extent that these causes of action are based on Plaintiff's September 15, 2014

12  demotion.

13        The Court DENIES Defendant's motion to dismiss Plaintiff's seventh causes of action,

14  which asserts a violation of the California FEHA, to the extent that this cause of action is based on

15  Plaintiff's July 29, 2015 suspension. The Court GRANTS WITH PREJUDICE Defendant's

16  motion to dismiss Plaintiff's sixth cause of action, which asserts a violation of the federal ADEA,

17  to the extent that this cause of action is based on Plaintiff's July 29, 2015 suspension.

18        The Court GRANTS WITH PREJUDICE Defendant's motion to dismiss Plaintiff's

19  wrongful termination cause of action and Plaintiff's hostile work environment cause of action.

20  **IT IS SO ORDERED.**

21

22  Dated: July 11, 2017

23

24                    *Lucy H. Koh*
                  _____

25                    LUCY H. KOH
                  United States District Judge

26

27

28

Case No. 16-CV-07026-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS